Jonathan D. Winters, Esq. SBN#213700
jwinters@jwinterslaw.com
Law Office Jonathan D. Winters
2750 Bellflower Blvd., Suite 101
Long Beach, California 90815
Phone: (562) 497-0472
Fax: (562) 497-0474

**Attorney for Plaintiff Lynn Woods**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **LYNN WOODS** | Case No.: |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |
| vs. | |
| **LPL FINANCIAL, VANEK FINANCIAL SOLUTIONS, VENERABLE INSURANCE AND ANNUITY COMPANY, CHRISTINE A. POLLICK, MATTHEW VANEK and DOES 1 to 50,** | |
| Defendant(s). | |

## I.   NATURE OF CASE

1.   In this action Plaintiff Lynn M. Woods ("Plaintiff"), through her undersigned counsel brings this action seeking equitable relief, declaratory relief and monetary damages as against defendants LPL Financial Holdings Inc., LPL Financial LLC, Christine A. Pollick, and Does 1 to 50 ("Defendants") to remedy violations of Federal law and California State law. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1332.

1

COMPLAINT

2.    Plaintiff alleges based upon her personal knowledge and upon information and belief, as follows:

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over these claims pursuant to 28 U.S.C. §1331 because there is a federal question regarding the following federal statutes wire fraud, 18 U.S.C. §1343; bank fraud, 18 U.S.C §1344; and conspiracy to commit fraud under 18 U.S.C. § 1349. The Court also has jurisdiction over this case pursuant to 28 U.S.C 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is a resident and citizen of the State of California and defendants Christine A. Pollick's residence, citizenship is located in South Carolina. Defendant LPL Financial is a corporation located at 1055 LPL Way Fort Mill, South Carolina 29715. David J. Weitzel was a resident of Allegheny County, Pennsylvania and his estate is being administered in that State. Defendant Vanek Financial Solutions corporate headquarters are located at 137 E Main Street, Carnegie, Pennsylvania 15106. Venerable Insurance and Annuity Company's corporate headquarters are located at 699 Walnut Street, Suite 1350, Des Moines, Iowa 50309-3942. This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. section 1367(a). In addition, this Court has jurisdiction over plaintiff's claims for declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

4.    Venue is proper in this Central District Court in California because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated here.

## III.    PARTIES

5.    Plaintiff Lynn M. Woods is an individual California resident.

6.    Defendant Christine A. Pollick is an individual, resident of South Carolina.

COMPLAINT

7.    Defendant LPL Financial is a corporation with its headquarters in South Carolina.

8.    Defendant Venerable Insurance and Annuity Company's is a corporation in Iowa.

9.    Defendant Vanek Financial Solutions is a corporation headquartered in Pennsylvania.

10.    Mathew Vanek is an individual, and resident of Pennsylvania.

11.    Defendants Does 1-50 are employees and/or agents of defendants, and were at all relevant times acting within the scope of their employment and/or official and/or public duties. Plaintiff is informed and believes, and on that basis alleges, that each of the Doe defendants was in some manner responsible for the acts and omissions alleged here, and intends to seek leave of this Court to amend this complaint to allege such responsibility should that information be obtained.

12.    Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, certain defendants were the agents of other defendants and were acting within the scope of the authority of the other defendants in doing or failing to so the things complained of.

## IV.    GENERAL FACTUAL ALLEGATIONS

13.    LPL Financial had IRAs owned by David J. Weitzel. There were forgeries on all of David's accounts. The Benefits were altered after David's death on 1/8/2023.

14.    Christine A. Pollick used the Certificate of Trust, and Article 3 of Melrose F. Weitzel's will to withhold payment to plaintiff after editing David J. Weitzel's account beneficiaries. Melrose F. Weitzel was a resident of Allegheny County, Pennsylvania. Attached to the complaint as Exh. A is a true and correct copy of her will. Her will left her estate to her beneficiaries designated as David J. Weitzel (son), Christine A. Pollick (daughter), David S. Weitzel (grandson) Paul J. Weitzel (Son), Lynn Woods (Daughter). The will further provided that any share of the estate to Lynn M. Woods, shall be held in trust under certain terms and conditions as set forth in the will for special needs of Lynn. Christina Polick opened a probate case and filed in the State of South

3

COMPLAINT

Carolina, County of Beaufort for the Melrose Weitzel will, case #2021ES0700520. PNC Bank and Christine A. Pollick s were selected to act as co-Trustees of any trust created pursuant to the will and that if Christine A. Pollick was unwilling or unable to act as Co-Trustee, that David J. Weitzel shall act as Co-Trustee and that if David J. Weitzel was unwilling or unable to act as Co-Trustee, that Paul J. Weitzel shall act as Co-Trustee. Christine A. Pollick, was designated under the will to act as Personal Representative of Melrose's estate and that in the event Christine A. Pollick is unable or unwilling to serve as Personal Representative, Melrose's son, David J. Weitzel, was to act as Personal Representative of the estate and that if David J. Weitzel is unable or unwilling to serve as Personal Representative, that Melrose's son, Paul J. Weitzel, was to act as Personal Representative of the estate. The will was executed on September 13, 2010.

15.   Christine A. Pollick and Karin Vanek, (an LPL Financial Professional), would take turns sending emails implying frequent communication. Karin Vanek claimed responsibility via email for erroneously moving funds into a trust account — from which she could not remove the funds. This "dilemma" was never quite made clear but points to cover-up and collusion. The dilemma was "resolved" with LPL funding an account not opened by plaintiff.

16.   David J. Weitzel had vision issues and did not use a computer in his personal life, nor presumably after his death. David had not left Pennsylvania for years. David also left a will. Attached hereto as Exh. B is a true and correct copy of his will. David J. Weitzel left his estate to his beneficiaries his brother, Paul J. Weitzel and included other beneficiaries should Paul decease. David's will also included provision for a trust designating Christina A. Pollick and Paul J. Weitzel to act as co-trustees. David also designated  Christine A. Pollick to act as his estate's Personal Representative and if Christine A. Pollick is unable or unwilling to serve as Personal Representative, he appointed Paul J. Weitzel Personal as Representative of his estate.

4

COMPLAINT

David J. Weitzel's will was executed September 28, 2017.

17.    Defendants created hidden accounts, including prior to Melrose's death and after her death on (4/21/2021).

18.    Christine A. Pollick altered (or did not follow) the beneficiary disbursement as executrix of Melrose F. Weitzel's estate, replacing plaintiff with the SNTrust of plaintiff, and splitting the account incorrectly among Paul J. Weitzel, David J. Weitzel, David S. Weitzel and others as stated in the will.

19.    Christine A. Pollick used the same mechanisms, Certificate of Trust and Artcle 3 with Melrose F. Weitzel's LPL and Venerable accounts as with David J. Weitzel's accounts.

20.    Christine A. Pollock might have had Power of Attorney, which she could have abused. The extent of her powers is unclear. Christine fraudulently edited and hid LPL Financial accounts from the Melrose estate from plaintiff.

21.    It looks like at least one account (which was funded) was an account in which plaintiff did sign but did not open.

22.    On June 9, 2023, Christine A. Pollick did not "sign off" within the required 90-day period. Account was closed or held open, no funding to account. After signing docusign acct. 2281-5463, (6/9/2023) plaintiff received in the mail, a letter dated June 10, 2023, confirming an address update only from LPL Co., Financial Professional Matthew Vanek. Nothing confirming plaintiff's account with LPL.  On July 17, 2023, plaintiff emailed Karin Vanek asking what is the next step to finalize her IRA. No reply from Karin V. was received in March 19, 2024. Plaintiff did receive email reply from Karin Vanek, cc. Christine Pollick, to her email inquiry- "What happened to account 2281- 5463". Sent to Karin either late February or March 2024.

23.    There are numerous openings and closings of accounts and money transfers that do not

COMPLAINT

make sense.

24.    Paul J. Weitzel's LPL accounts seem to have been incorrectly calculated, with numerous transfers between these accounts resulting in co-mingling account monies of David J. Weitzel, Paul J. Weitzel and plaintiff.

25.    Christine A. Pollick edited beneficiaries on Melrose F. Weitzel's Venerable Insurance and Annuity accounts placing plaintiff in SNTrust, in one of the two accounts.

26.    What should have been simple transactions from Melrose F. Weitzel's estate and David J. Weitzel's estate, which Christine A. Pollick managed as executrix has become estate fraud.

27.    All activity of Christine A. Pollick, Karin Vanek, Matthew Vanek has been connected with Melrose F. Weitzel's accounts. All activity of Christine A. Pollick, Karin Vanek, Matthew Vanek has been connected with David J. Weitzel, Paul J. Weitzel, Lynn M. Woods and Christine A. Pollick's accounts.

28.    Matthew Vanek of Vanek Financial Solutions put plaintiff's digital signature on document 1989-6560, did not date it, and funded it without her consent. Christine A. Pollick signed off on it. Plaintiff did not sign that document. Christine used specific mechanisms, codes to put and hold plaintiff's inherited accounts in a SNTrust with incomplete documents after David's and plaintiff's mother's death —three years now for plaintiff's mother's accounts and 1.5 years for David's. Plaintiff knew nothing of plaintiff's mother's accounts from Christine. Plaintiff was informed of the tactic, the code and option Christine and Matthew used to 'jump over', out of David's SNTrust. Plaintiff's inherited two accounts from David are now no longer in SNTrust. Apparently David has four accounts with LPL. The same tactics were applied to plaintiff's mother's accounts using the same incomplete documents necessary to hold in SNTrust. Plaintiff now knows of two accounts of hers possibly a third, and there may be more. The same

6

COMPLAINT

mechanisms, codes were more than likely used with Venerable Insurance and Annuities - now in LPL, SNTrust.

## FEDERAL CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### WIRE FRAUD (18 U.S.C. §1343) AS AGAINST DEFENDANTS AND EACH OF THEM AND DOES 1 TO 50

29.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

30.   Defendants used electronic communications (emails) to further a scheme to defraud, which constitutes wire fraud. This includes Christina Pollick and employees of Vanek Financial sending emails to imply frequent communication and altering account information.

## SECOND CAUSE OF ACTION

### BANK FRAUD (18 U.S.C. § 1344) AS AGAINST DEFENDANTS LPL FINANCIAL AND VANEK FINANCIAL AND DOES 1 TO 50

31.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

32.   Defendants engaged in unauthorized movements and alterations of funds involving bank accounts, including hidden accounts and unauthorized changes to beneficiaries.

## THIRD CAUSE OF ACTION

### CONSPIRACY TO COMMIT FRAUD (18 U.S.C. § 1349) AS AGAINST DEFENDANTS LPL FINANCIAL, VANEK FINANCIAL AND DOES 1 TO 50

33.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

34.   The coordinated actions between Christina Pollick, employees of Vanek Financial, and others to alter account information, withhold payments, and transfer funds amounted to a

COMPLAINT

conspiracy to commit fraud.

## FOURTH CAUSE OF ACTION

### CIVIL CONSPIRACY AS AGAINST DEFENDANTS AND EACH OF THEM AND DOES 1 TO 50

35.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

## STATE CAUSES OF ACTION (CALIFORNIA)

## FIFTH CAUSE OF ACTION

### COMMON LAW FRAUD & DECEIT AS AGAINST DEFENDANT CHRISTINA POLLICK AND DOES 1 TO 50

36.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

37.   Defendants made false representations, concealed material facts, and committed deceptive acts to alter the estate distribution and account beneficiaries.

## SIXTH CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY AS AGAINST DEFENDANT CHRISTINA POLLICK AND DOES 1 TO 50

38.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

39.   Christina Pollick, acting as a trustee and personal representative, has a fiduciary duty to the beneficiaries, including the plaintiff. The actions of altering beneficiaries, creating hidden accounts, and not following the will's terms constitute breaches of this duty.

COMPLAINT

## SEVENTH CAUSE OF ACTION

### CONVERSION AS AGAINST DEFENDANT CHRISTINA POLLICK, LPL FINANCIAL, VANEK FINANCIAL AND DOES 1 TO 50

40.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

41.    Unauthorized control over the plaintiff's inheritance and other funds has amounted to a conversion, where defendants wrongfully exerted control over the plaintiff's property.

## EIGHTH CAUSE OF ACTION

### UNDUE INFLUENCE AS AGAINST DEFENDANT CHRISTINA POLLICK AND DOES 1 TO 50

42.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

43.    Christina Pollick's actions, because she had a power of attorney, amounted to undue influence, particularly given the allegations of fraud and manipulation of trust and estate documents.

## NINTH CAUSE OF ACTION

### ELDER ABUSE (California Welfare and Institutions Code § 15610.30) AS AGAINST DEFENDANT CHRISTINA POLLICK AND DOES 1 TO 50

44.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

45.    Melrose Weitzel was an elder. Her date of Birth: January 13, 1926 and date of Death: April 21, 2021 and defendants caused a financial abuse by taking, secreting, appropriating, or retaining real or personal property of an elder for wrongful use or with intent to defraud.

9

COMPLAINT

## TENTH CAUSE OF ACTION

### PROBATE CODE VIOLATIONS
### AS AGAINST DEFENDANTS
### AND EACH OF THEM AND DOES 1 TO 50

46.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

47.   Violations of the California Probate Code, particularly regarding the mismanagement of the estate and trust, unauthorized beneficiary changes, and failure to distribute assets according to the will, can and should be cited.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

1.   For compensatory damages for the financial losses incurred due to the defendants' actions in an amount to be proven at trial.

2.   For any additional general, specific, consequential, or incidental damages in an amount to be proven at trial;

3.   For nominal damages;

4.   For punitive damages against defendants given the fraudulent and intentional nature of the conduct in an amount appropriate to punish them and make an example of them to the community;

5.   For a constructive trust, to recover the property wrongfully taken and ensure proper distribution according to the wills.

6.   Accounting, for a full and transparent accounting of all the transactions and distributions made by the defendants.

7.   For declaratory relief, to establish the rightful beneficiaries and correct any altered

10

COMPLAINT

beneficiary designations.

8.   For a permanent injunction prohibiting defendants from transferring or otherwise looting the assets of the estate.

9.   For an award that Defendants pay all of Plaintiffs' costs and attorneys' fees;

10.   For all interest, as permitted by law; and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: _____

      Respectfully submitted,

By: _____
      Plaintiff's Counsel
      Attorney Jonathan D. Winters

COMPLAINT

# EXHIBIT A

## LAST WILL AND TESTAMENT

## OF

## MELROSE F. WEITZEL

I, **MELROSE F. WEITZEL**, of Allegheny County, Pennsylvania, do make this my Will, hereby revoking any and all prior Wills or Codicils.

FIRST:  I direct that the expenses of my last illness and funeral be paid out of my estate as soon as may be convenient after my death.

SECOND:  I give all of my tangible personal property in accordance with a signed memorandum that will be found among my personal papers.  The remainder of my tangible personal property, or all if no such memorandum is found, shall be distributed to my children in equal shares as determined in the sole discretion of my Personal Representative.

THIRD:  I give the balance of my estate, both real and personal, and wherever situate, as follows:
a. one equal share to my son, David J. Weitzel, or if he is not living this share shall lapse.

b. one equal share to my daughter, Christine A. Pollick, or if she is not living this share shall be distributed to the Christine A. Pollick Revocable Trust dated July 10, 2006 or if such trust is not then in existence, such share shall be distributed in accordance with the terms of the trust. If the terms of the trust can not be ascertained, such share shall be distributed to the issue of Christine A. Pollick.

c. one equal share to be further divided so that there is one share for my son, Paul J. Weitzel, and one share for my grandson, David S. Weitzel.

d. one equal share to be held in trust for the benefit of my daughter, Lynn M. Woods.

Any share of my estate to which my daughter, Lynn M. Woods, is entitled to receive shall be held in trust under the following terms and conditions:

1. During the lifetime of my daughter, Lynn M. Woods, the Trustee in its sole and absolute discretion shall distribute only such amounts of the income or principal as the Trustee may from time to time determine to be reasonable or necessary for the special needs of Lynn M. Woods. As used herein, special needs shall mean the requisite items or services necessary for maintaining Lynn M. Woods's, good health, safety, welfare and education when, in the sole and absolute discretion of the Trustee, such items or services are not being provided by any public agency, office or department of any municipality, governmental body, state or of the United States. Special needs shall include but not be limited to medical and dental expenses, insurance therefore, clothing and equipment, travel, entertain-ment, programs of training and education and essential dietary needs.

2

It is my intent and direction that the Trustee only provide expressly for Lynn M. Woods's extra and supplemental care, maintenance, support and education in addition to and over and above the benefits she otherwise receives or may receive from any local, state or federal government, or from any other private agencies.  It is my express intent that the Trust assets be used only to supplement other benefits, income and resources available to my daughter, Lynn M. Woods.

It is further my intent that no part of the principal or income of the Trust shall be used to supplant or replace public assistance benefits of any municipality, county, state, federal or other governmental agency.  For these purposes in determining Lynn M. Woods's eligibility for such benefits, no part of the principal or income of the Trust shall be considered available to her.  In the event that the Trustee is requested by any department or agency to release principal or income of the Trust to or on behalf of Lynn M. Woods to pay for equipment, medi-cation, or services that governmental or private organizations or agencies are authorized to provide, or in the event that the Trustee is requested by any department or agency administering such benefits to release trust principal or income for this purpose or in the event that any department or agency administering such benefits petitions any court of competent jurisdiction for these same purposes, the Trustee shall deny such request and is authorized to defend, at the expense of the Trust, any contest of this provision or attack of any nature. The Trustee also shall have complete discretion with regard to any such claims, including management of all litigation which may result.  The Trustee also shall be authorized in its sole and absolute discretion, to settle, in whole or in part, or otherwise compromise any such claim or litigation.

3

If any governmental agency determines that this Trust is an "available resource" to be utilized and exhausted to pay for services for my daughter, Lynn M. Woods, otherwise provided by public funding, then the Trustee may, at its complete discretion, elect to terminate this Trust, in which case the trust assets may be distributed as directed herein as if Lynn M. Woods was then deceased.

The Trustee is empowered to collect and expend on behalf of Lynn M. Woods all governmental financial assistance benefits to which she is otherwise entitled; provided that such funds shall not be co-mingled with the other funds of this Trust.

In the exercise of discretion with respect to income and principal distributions for my daughter, Lynn M. Woods, if any, the Trustee shall bear in mind my express desire to preserve, to the greatest extent possible, this Trust's assets for eventual distribution to the beneficiaries named hereinafter, whether outright or in trust. The foregoing sentence is in no way intended to limit the sole and absolute discretion of the Trustee with respect to such distributions or to give any remainderman any right to challenge any distribution made by the Trustee in the proper exercise of such discretion. Rather, this provision is intended to aid the Trustee and any Court or administrative agency in properly interpreting my intent in establishing this Trust, namely, that the needs of Lynn M. Woods, be provided for only to the extent that governmental benefits and entitlements and other resources are either unavailable, inadequate, or have been exhausted.

2. At the death of Lynn M. Woods any remaining balance of the trust shall be distributed to her issue, per stirpes, subject to the underage beneficiary trust provisions stated

4

herein except that any such trust for the benefit of the issue
of Lynn M. Woods shall be held until the beneficiary reaches the
age of (50) fifty.

FOURTH:   If any beneficiary under the foregoing provisions
is a under the age of twenty-five (25) at the time such
beneficiary is entitled to receive a distribution from my estate
or any trust created hereunder for which no other trust
provisions apply, such share shall vest in said beneficiary but
shall be held in trust in a separate trust until the twenty-
fifth (25th) birthday of said beneficiary, at which time the
trust shall terminate and the principal shall be transferred and
delivered to him or her free of trust.   During such period, the
Trustee may pay to the person having custody of said bene-
ficiary, without liability on the part of the Trustee to see to
the application thereof, or may expend directly so much of the
income and principal as it deems advisable for the welfare,
comfortable support and education of said beneficiary and shall
add any excess income to principal and invest it as such.   In
the event of the death of said beneficiary during the duration
of the trust, any then-remaining principal of his or her
separate trust shall be paid:

(i) To his or her then-living descendants, per stirpes;
or, in default of such descendants,

(ii) To his or her siblings, or their issue per stirpes;
or, in default of such siblings or their issue,

(iii) To my then-living descendants, per stirpes (any
portion thus accruing to a descendant for whom principal is then
held in trust hereunder to be a deed to and thereafter treated
as part of such principal).

5

**FIFTH:**  The following provisions shall apply to any trust created hereunder:

A.   The Trustees shall have the following powers in addition to those granted by law:  To retain as an investment without any duty of diversification any and all securities or other property, real or personal; to invest and reinvest the principal of the trust estate in such stocks, bonds, mortgages, securities, or other property, real or personal, as it may believe advisable; to sell any and all real estate received hereunder upon such terms as it shall believe advisable; to sell, exchange, option or otherwise dispose of all or any portion of the trust estate in such manner as it shall believe advisable; to make distribution of the trust estate in kind or cash; to register or carry any securities, investments, or other property in the name of its nominee, to vote any stock held in the trust estate and to participate in any reorganization or merger of companies or corporations whose stock is held in the trust estate; to exercise any option available under any policy of life insurance; and to borrow money from itself individually or from any other source and to hold or pledge any part of the trust principal as security.

B.   The corporate Trustee may resign at any time, without stating cause, by petitioning a court of competent jurisdiction to designate and appoint a successor corporate Trustee.  In case of the merger or consolidation of the Trustee, the resultant company shall become successor Trustee hereunder without notice to any party.

C.   The corporate Trustee shall be entitled to receive annual compensation for its services hereunder in accordance with its schedule in effect when the services are performed, but

6

not in excess of such compensation as would be approved by a
court of competent jurisdiction.

D.   Upon the death of any income beneficiary, any income
accrued or received by the trustee subsequent to the last income
payment date shall be paid to the person or persons for whose
benefit the principal producing such income is continued in
trust or to whom such principal is distributed under the terms
hereof.

E.   The interest of any beneficiary hereunder, including a
remainderman, in income or principal, shall not be subject to
assignment, alienation, pledge, attachment or claims of
creditors until after payment has actually been made by the
Trustee as hereinbefore provided.

F.   Corporate distributions received in shares of the
distributing corporation shall be allocated to principal,
regardless of the number of shares and however described or
designated by the distributing corporation.

G.   An individual serving as Trustee shall be entitled to
receive reasonable compensation for services rendered.

H.   PNC Bank and Christine A. Pollick shall act as Co-
Trustees of any trust created hereunder.  If Christine A.
Pollick is unwilling or unable to act as Co-Trustee, David J.
Weitzel shall act as Co-Trustee.  If David J. Weitzel is
unwilling or unable to act as Co-Trustee, Paul J. Weitzel shall
act as Co-Trustee.

SIXTH:  It is my intent that any Trust created hereunder
that shall receive any pension, profit sharing, individual
retirement accounts, or any other form of qualified retirement
accounts shall qualify as a "Designated Beneficiary" within the

7

meaning of the Internal Revenue Code and Regulations promulgated pursuant thereto.  I herby direct that all fiduciaries appointed hereunder shall manage such Trust in accordance with this direction.  During the continued existence of any Trust that shall receive such benefits, the Trustee shall distribute to or for the benefit of the beneficiary, no less than the amount required as a minimum distribution as specified by Internal Revenue Code Section 401(a)(9), not less than annually.

SEVENTH:  I direct my Personal Representative to pay out of the principal of my residuary estate all estate, inheritance and other taxes in the nature thereof imposed upon or with respect to my estate or any property in which I have an interest including any property included in my gross estate for tax purposes, whether or not such property passes under this Will, at such times and in such manner as my Personal Representative deems advisable; and no portion of such taxes shall be collected from or refunded by any other person by way of apportionment or otherwise.

EIGHTH:  I appoint my daughter, Christine A. Pollick, Personal Representative of my estate.  In the event Christine A. Pollick is unable or unwilling to serve as Personal Representative, I appoint my son, David J. Weitzel, Personal Representative of my estate.  If David J. Weitzel is unable or unwilling to serve as Personal Representative, I appoint my son, Paul J. Weitzel, Personal Representative of my estate.  I give and grant to my Personal Representatives, in addition to the authority conferred by law, the powers given to my Trustee herein.  No bond shall be required of any fiduciary hereunder in any jurisdiction.  No fiduciary hereunder shall have any

8

liability for any mistake or error in judgment made in good faith.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this __13th__ day of _September_, 2010.

MELROSE F. WEITZEL

Signed, sealed, published and declared by the above named Testatrix, Melrose F. Weitzel, as and for her Will, in the presence of us who, at her request, in her presence, and in the presence of each other, have hereunto subscribed our names as witnesses.

Signature:                                        Address:

_____            4885 McKnight RD Pittsburgh, PA 15237

_____            _____

The UPS Store
4885 McKnight Road
Pittsburgh, PA 15237
(412) 369-9200

The UPS Store
4885 McKnight Road
Pittsburgh, PA 15237
(412) 369-9200

9

## ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA )
                                   ) ss:
COUNTY OF ALLEGHENY )

    I, Melrose F. Weitzel, the testatrix whose name is signed to the attached or foregoing instrument, having been duly qualified according to law, do hereby acknowledge that I signed and executed the instrument as my Last Will; that I signed it willingly; and that I signed it as my free and voluntary act for the purposes therein expressed.

                                         Melrose F. Weitzel

    Sworn or affirmed to and subscribed to before me by Melrose F. Weitzel, this 13th day of Sept, 2010.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tedd H. Wein, Notary Public
Ross Twp., Allegheny County
My Commission Expires June 24, 2011
Member, Pennsylvania Association of Notaries

## AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA )
                                   ) ss:
COUNTY OF ALLEGHENY )

    We, Paul Kalkhof and Kathleen Lewis the witnesses whose names are signed to the attached or foregoing instrument, being duly qualified according to law, do depose and say that we were present and saw Melrose F. Weitzel, testatrix, sign and execute the instrument as her Last Will; that the testatrix signed willingly and that she executed it as her free and voluntary act for the purposes therein expressed; that each of us in the hearing and sight of the testatrix signed the Will as witnesses; and that to the best of our knowledge Melrose F. Weitzel was at that time 18 or more years of age, of sound mind and under no constraint or undue influence.

Signature of witnesses:

    Sworn or affirmed to and subscribed to before me by Paul Kalkhof and Kathleen Lewis witnesses, this 13th day of September 2010.

COMMONWEAL
Nota
H. Wein, N.
Alleghe
Expires Ju
ssociation

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tedd H. Wein, Notary Public
Ross Twp., Allegheny County
My Commission Expires June 24, 2011
Member, Pennsylvania Association of Notaries

# EXHIBIT B

## LAST WILL AND TESTAMENT

### OF

### DAVID J. WEITZEL

I, **DAVID J. WEITZEL**, of Allegheny County, Pennsylvania, do make this my Will, hereby revoking any prior Wills or Codicils at any time made by me.

FIRST:  I direct that the expenses of my last illness and funeral be paid out of my estate as soon as may be convenient after my death.

SECOND:  I give all of my tangible personal property in accordance with a signed memorandum that will be found among my personal papers.  The remainder of my tangible personal property, or all if no such memorandum is found, shall be distributed as part of my residuary estate.

THIRD:  I give, devise, and bequeath the residue and remainder of my estate as follows:

1.   One equal share shall be distributed to my brother, Paul J. Weitzel.  If Paul J. Weitzel is not living at the time of my death this share shall be distributed to his issue, per stirpes,

2.   One equal share shall be distributed to my sister, Lynn M. Woods.  If Lynn M. Wood is not living at the time of my death this share shall be distributed to her issue, per stirpes,

3.   One equal share shall be distributed to my sister, Christine A. Pollick.  If Christine A. Pollick is not living at the time of my death this share shall be distributed to her issue, per stirpes,

FOURTH:  If any beneficiary under the foregoing provisions is under the age of twenty-five at the time of distribution, such share shall vest in said beneficiary but shall be held in trust by the Trustee in a separate trust until the twenty-fifth (25th) birthday of said beneficiary, at which time the trust shall terminate and the principal shall be transferred and delivered to him or her free of trust.  During such trust period, the Trustee may pay to the person having custody of said beneficiary, without liability on the part of the Trustee to see to the application thereof, or may expend directly so much of the income and principal as it deems advisable for the welfare, comfortable support and education of said beneficiary and shall add any excess income to principal and invest it as such.  In the event of the death of said beneficiary during the trust period, the Trustee is authorized in its discretion to pay part or all of the funeral expenses, and the remaining principal shall be transferred and delivered to said beneficiary's issue.

FIFTH:  The following provisions shall apply to any trust created hereunder:

2

A.   The Trustee shall have the following powers in addition to those granted by law:  To retain as an investment without any duty of diversification any and all securities or other property, real or personal; to invest and reinvest the principal of the trust estate in such stocks, bonds, mortgages, securities, or other property, real or personal, as it may believe advisable; to sell any and all real estate received hereunder upon such terms as it shall believe advisable; to sell, exchange, option or otherwise dispose of all or any portion of the trust estate in such manner as it shall believe advisable; to make distribution of the trust estate in kind or cash; to register or carry any securities, investments, or other property in the name of its nominee, to vote any stock held in the trust estate and to participate in any reorganization or merger of companies or corporations whose stock is held in the trust estate; to exercise any option available under any policy of life insurance; and to borrow money from itself individually or from any other source and to hold or pledge any part of the trust principal as security.

B.   A corporate Trustee may resign at any time, without stating cause, by petitioning a court of competent jurisdiction to designate and appoint a successor corporate Trustee.  In case of the merger or consolidation of the Trustee, the resultant company shall become successor Trustee hereunder without notice to any party.

C.   A corporate Trustee shall be entitled to receive annual compensation for its services hereunder in accordance with its schedule in effect when the services are performed, but not in excess of such compensation as would be approved by a court of competent jurisdiction.

3

D.   Upon the death of any income beneficiary, any income accrued or received by the Trustee subsequent to the last income payment date shall be paid to the person or persons for whose benefit the principal producing such income is continued in trust or to whom such principal is distributed under the terms hereof.

E.   The interest of any beneficiary hereunder, including a remainderman, in income or principal, shall not be subject to assignment, alienation, pledge, attachment or claims of creditors until after payment has actually been made by the Trustee as hereinbefore provided.

F.   Corporate distributions received in shares of the distributing corporation shall be allocated to principal, regardless of the number of shares and however described or designated by the distributing corporation.

G.   An individual serving as Trustee shall be entitled to reasonable compensation for services rendered.

H.   Christine A. Pollick and Paul J. Weitzel shall act as Trustees of any trust created hereunder.  If either Christine A. Pollick or Paul J. Weitzel is unwilling or unable to serve as Trustee, the other shall act alone.

SIXTH:  It is my intent that any Trust created hereunder that shall receive any pension, profit sharing, individual retirement accounts, or any other form of qualified retirement accounts shall qualify as a "Designated Beneficiary" within the meaning of the Internal Revenue Code and Regulations promulgated pursuant thereto.  I herby direct that all fiduciaries appointed hereunder shall manage such Trust in accordance with this direction.  During the continued existence of any Trust that

4

shall receive such benefits, the Trustee shall distribute to or for the benefit of the beneficiary, no less than the amount required as a minimum distribution as specified by Internal Revenue Code Section 401(a)(9), not less than annually.

SEVENTH:  I direct my Personal Representative to pay out of the principal of my residuary estate all estate, inheritance and other taxes in the nature thereof imposed upon or with respect to my estate or any property in which I have an interest including any property included in my gross estate for tax purposes, whether or not such property passes under this Will, at such times and in such manner as my Personal Representative deems advisable; and no portion of such taxes shall be collected from or refunded by any other person by way of apportionment or otherwise.

EIGHTH:  I appoint Christine A. Pollick Personal Representative of my estate.  If Christine A. Pollick is unable or unwilling to serve as Personal Representative, I appoint Paul J. Weitzel Personal Representative of my estate.  If Paul J. Weitzel is unable or unwilling to serve as Personal Representative of my estate, I appoint Bernard A. Woods Personal Representative of my estate.  I give and grant to my Personal Representatives, in addition to the authority conferred by law, the powers given to my Trustee herein.  No bond shall be required of any fiduciary hereunder in any jurisdiction.  No fiduciary hereunder shall have any liability for any mistake or error in judgment made in good faith.

5

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____28TH_____ day of _SEPTEMBER_____, 2017.

_David J Weitzel_
DAVID J. WEITZEL

Signed, sealed, published and declared by the above named Testator, David J. Weitzel, as and for his Will, in the presence of us who, at his request, in his presence, and in the presence of each other, have hereunto subscribed our names as witnesses.

Signature:                          Address:

_Donald J. Strunk_                  _304 ROSS ST. SUITE 702 PGH, PA_
_Jr Q. Pet_                                                   _15219_
                                    _1117 Insomar Hts RD PGH_
                                    _P A 15237_

6

ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA )
                             )  ss:
COUNTY OF ALLEGHENY          )

    I, David J. Weitzel, the testator whose name is signed to the attached or foregoing instrument, having been duly qualified according to law, do hereby acknowledge that I signed and executed the instrument as my Last Will; that I signed it willingly; and that I signed it as my free and voluntary act for the purposes therein expressed.

    _David J. Weitzel_
    David J. Weitzel

    Sworn or affirmed to and subscribed to before me by David J. Weitzel, this 28ᵗʰ day of September 2017.

    _Carolyn A. Strunk_

AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA )
                             )  ss:
COUNTY OF ALLEGHENY          )

**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
Carolyn A. Strunk, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires June 2, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

    We, _DONALD J. STRUNK_ and _Dale Edward Pollick_ the witnesses whose names are signed to the attached or foregoing instrument, being duly qualified according to law, do depose and say that we were present and saw David J. Weitzel, testator, sign and execute the instrument as his Last Will; that he signed willingly and that he executed it as his free and voluntary act for the purposes therein expressed; that each of us in the hearing and sight of the testator signed the Will as witnesses; and that to the best of our knowledge the testator was at that time 18 or more years of age, of sound mind and under no constraint or undue influence.

Signature of witnesses:    _Donald J. Strunk_
    _Dale Pollick_

    Sworn or affirmed to and subscribed to before me by _DONALD J. STRUNK_ and _Dale Edward Pollick_ witnesses, this 28ᵗʰ day of September 2017.

    _Carolyn A. Strunk_

**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
Carolyn A. Strunk, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires June 2, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

7